IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JENNIFER MURPHY MILLINGTON, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )  Civil Action No. 25-146-GBW ) |
| MARYANNE ELLENBERGER, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

I.  Introduction

Plaintiff Jennifer Murphy Millington, of Seaford, Delaware, filed a complaint *pro se* and a motion for leave to proceed *in forma pauperis*. (D.I. 1, 2.) The Court granted Plaintiff leave to proceed *in forma pauperis*. (D.I. 5.) This case is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). At this early stage of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in her favor, and asks only whether Plaintiff's filing, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

II.   <u>Background</u>

According to the complaint, from April 2022 to the present, FedEx Corporation and FedEx employees Maryanne Ellenberger, Cary Blancett, Barry Mitchell, and Joyce Stillwagon (Defendants) violated Plaintiff's civil rights by way of discrimination, bullying, and unlawful discipline. (*See* D.I. 2 at 1-3.) Based on the foregoing, Plaintiff seeks $180,000 in money damages, reinstatement of employment, and disciplinary action against Defendant Ellenberger, among other forms of relief. (*Id.* at 8.)

Plaintiff worked as a long-haul driver for FedEx Corporation. (*Id.* at 4.) In April 2022, at a FedEx ground terminal in Lewisberry, Pennsylvania, Plaintiff experienced a serious allergic reaction to the foam mattress in the truck that she had slept on while driving. (*Id.* at 4-5.) Plaintiff had just completed a job, driving from Kansas City, Missouri, to Harrisburg, Pennsylvania, but she left the Lewisberry terminal before completing the sign-out process to purchase allergy medication because her throat was swelling up and she was having trouble breathing. (*Id.*) After the incident, Plaintiff was informed that FedEx had placed her on inactive status for breaching security when she left the Lewisberry terminal without signing out. (*Id.* at 6.)

Plaintiff learned that she had not been placed on inactive status by a FedEx line haul manager, but by Defendant Ellenberger, who worked for FedEx as a safety

2

monitor. (*Id.*) Defendant Ellenberger told Plaintiff that Plaintiff was suspended from driving for FedEx for twenty-five years. (*Id.*) Plaintiff believes this suspension is disproportionate to the suspensions other drivers received; for instance, damaging FedEx equipment typically resulted in a one-year suspension. (*Id.*) When Plaintiff explained to Defendant Ellenberger that Plaintiff could have died if she had not left the terminal to obtain allergy medication, Defendant Ellenberger laughed and said, "That's the point." (*Id.*)

After the conversation with Defendant Ellenberger, Plaintiff contacted FedEx Ground headquarters, and her active driver status was reinstated. (*Id.*) Sometime thereafter, however, Plaintiff's driver status was again changed to inactive. (*Id.*) Plaintiff waited one year and then contacted Defendant Ellenberger again regarding her driver status with FedEx. (*Id.* at 7.) Defendant Ellenberger told Plaintiff, "It's no longer 25 years for you," then laughed, and said, "No it's not 25 years anymore. It's 80 years now," before hanging up on Plaintiff. (*Id.*) Since then, Plaintiff has applied for other driving jobs with FedEx, but Defendant Ellenberger has interfered, and Plaintiff has not been hired again. (*Id.*) Plaintiff has confirmed with FedEx Ground headquarters and the corporate office that "there has never been any policy of suspension [of] anyone for 25-80 y[ea]rs." (*Id.*)

After filing the complaint, Plaintiff filed several other relevant requests and motions. (*See* D.I. 4, 8, 10.) Plaintiff filed three requests to expedite this case and

3

proceed with service on Defendants. (*See* D.I. 4, 8, 10.) Plaintiff requested for FedEx Corporation to be included as a Defendant. (*See* D.I. 10.) Plaintiff also requested revocation of this Court's screening referral to Magistrate Judge Laura D. Hatcher. (*See id.*) Alternatively, Plaintiff requested for this case to be "reassigned to a different United States Federal District Court." (*Id.*)

III. Discussion

Liberally construing the complaint, Plaintiff attempts to raise federal civil rights claims, pursuant to 42 U.S.C. § 1983, and federal employment discrimination claims, pursuant to Title VII. (*See* D.I. 2.) Yet even when viewed in the light most favorable to Plaintiff, the complaint fails to state either a § 1983 claim, or a Title VII claim, warranting dismissal upon screening. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will dismiss the complaint without prejudice and give Plaintiff an opportunity to amend the complaint.

First, the complaint fails to state a federal civil rights claim, pursuant to 42 U.S.C. § 1983. Section 1983 "provides that '(e)very person' who acts under color of state law to deprive another of a constitutional right shall be answerable to that person in a suit for damages." *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (quoting 42 U.S.C. § 1983). From the facts alleged, it appears that all Defendants were private actors not acting under color of law. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982) (discussing various tests for determining when a party is

a state actor or is acting under color of law). As such, the § 1983 claims against Defendants must be dismissed.[1]

Next, the complaint fails to state an employment discrimination claim, pursuant to Title VII. Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Yet the complaint never attributes any alleged mistreatment by Defendant Ellenberger, or any other Defendant, to Plaintiff's membership in any protected group. (*See* D.I. 2.) As such, Title VII employment discrimination claims against Defendants must be dismissed.[2]

---

[1] Absent tolling, any § 1983 claim arising from facts alleged to occur prior to February 5, 2023, are also time barred. *See O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006) (acknowledging that § 1983 claims are subject to the statute of limitations for personal injury actions in the state in which the suit is brought); *Smith v. Delaware*, 236 F. Supp. 3d 882, 888 (D. Del. 2017) (stating that the statute of limitations for Delaware personal injury claims is two years from the date the cause of action accrued, absent tolling).

[2] Additionally, Plaintiff has neither shown, nor suggested, that she exhausted administrative remedies before bringing her employment discrimination claims before this Court. *See Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997) (treating Title VII exhaustion as part of the claim for purposes of Fed. R. Civ. P. 12(b)(6)). Although Plaintiff has submitted exhibits in support of the complaint, they do not include an Equal Employment Opportunity Commission (EEOC) or equivalent state agency charge of discrimination, administrative findings, or notice of right to sue. (*See* D.I. 6, 10-1.)

In the absence of federal civil rights or employment discrimination claims, Plaintiff has not established a basis for this Court's subject matter jurisdiction in this case. *See* 28 U.S.C. §§ 1331 (federal question), 1332 (diversity of citizenship; amount in controversy). Accordingly, the complaint will be dismissed without prejudice. (D.I. 2.) Plaintiff will be given an opportunity to amend the complaint to state a claim.

Given the dismissal of the complaint, Plaintiff's requests to expedite this case and serve the complaint will be denied as moot. (*See* D.I. 4, 8, 10.) Plaintiff's requests to add FedEx Corporation as a Defendant and revoke referral to Judge Hatcher will also be denied as moot. (*See* D.I. 10.) FedEx Corporation is already included as a Defendant, and screening referral was already revoked for unrelated reasons.

IV.  Conclusion

AND NOW, this 25th day of June, based on the foregoing, IT IS HEREBY ORDERED:

1. The complaint (D.I. 2) is **DISMISSED without prejudice** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff's requests to expedite this case, serve the complaint, add FedEx Corporation as a Defendant, and revoke magistrate judge referral (D.I. 4, 8, 10) are **DENIED as moot**.

3. Plaintiff is **GRANTED** leave to file an amended complaint by no later than July 25, 2025. **Failure by Plaintiff to file an amended complaint on or before July 25, 2025 will result in case closure.**

_____
The Honorable Gregory B. Williams
United States District Judge